## STARR *v.* PATTERSON.

*(Supreme Court, Special Term, New York County.  March 23, 1891.)*

INSOLVENCY—OMISSION OF CREDITOR'S NAME—ADVICE OF COUNSEL.

A motion to stay execution, made on the ground that defendant had been discharged from all his debts, including plaintiff's claim, under the insolvency laws of Massachusetts, was resisted on the ground that plaintiff's name had been fraudulently omitted from the list of creditors, in violation of Pub. St. Mass. c. 157, § 19, (insolvency law,) which provides that the debtor must make a sworn schedule, "containing a full and

true account of all his creditors." Defendant's affidavit in support of the motion declared that plaintiff's name was omitted from the list of creditors solely for the reason that defendant was advised by counsel that he had a good defense to the action on plaintiff's claim, which was pending when the list was made. *Held,* that the affidavit did not support a finding that defendant was advised by counsel that it was not necessary to insert plaintiff's name in the list of creditors.

Action by Charles F. Starr against Charles Gordon Patterson on two promissory notes executed by defendant to plaintiff. Plaintiff having obtained a judgment and issued execution thereon, defendant moved for a perpetual stay of the execution, on the ground that he had obtained a discharge from all his debts under the insolvency laws of Massachusetts. The matter was referred to S. B. Brownell, Esq., as referee, to ascertain and report the facts respecting the discharge of defendant from his debts under and by the laws of the state of Massachusetts, and whether there was any fraudulent purpose in the omission of plaintiff's name from the list of creditors of defendant in said proceeding, which list was made while plaintiff's action was pending. The eighth finding of the referee was as follows: "*Eighth.* That the defendant did not insert the name of the plaintiff in the list of his creditors prior to the 14th day of February, 1890, for the reason that he believed and was advised by his counsel both in New York and Boston that he had a good and meritorious defense to the claim and the action thereon, and that the action had not then been tried." That part of defendant's affidavit in support of his motion for a stay of execution which relates to the omission of plaintiff's name from the list of creditors in the insolvency proceedings is as follows: "That the name of said Starr was not inserted in the list of his creditors for the reasons: *First.* That deponent believed and was so advised by his counsel, Mr. Lawton, that he had a good and meritorious defense in this action and to the claim. *Second.* That the action had not then been tried. *Third.* That the first meeting of the creditors in said proceeding was on the 6th day of September, 1888. *Fourth.* That the second meeting of creditors in said proceeding was on the 4th day of October, 1889. *Fifth.* That a trial of this action, and judgment therein, had not then been had and was not taken until, as above stated, on the 17th day of January, 1890. *Sixth.* That the third meeting of creditors in said proceeding was on the 14th day of February, 1890, at which date and time deponent in good faith and under advice of his counsel in said insolvency proceedings, in open court, amended his schedule of creditors, and entered the name of the plaintiff therein as a creditor, and the said meeting was thereupon duly adjourned to the 28th day of March, 1890. That at said adjourned third meeting of creditors, on the 28th day of March, 1890, his discharge was granted. Deponent further says that in, about, and throughout the whole of said insolvency proceedings he relied upon and acted by the advice of his counsel, and in good faith, and that the sole and only reason for the omission of said Starr's name from his list of creditors originally and at the first and second meetings was that he verily believed, and was so advised by his counsel and attorneys, both here and in Boston, that he had a good and meritorious defense to said claim or debt, and would be successful in the trial of the action. And deponent relied upon his attorney and counsel in the insolvency proceedings to do and perform all the acts and things required by law and the practice therein, and presumed and believed that was done, and that the plaintiff received all notices of said proceedings as required by law, and had full notice thereof."

The insolvency law of Massachusetts (Pub. St. Mass. c. 157) provides (section 19) that the debtor shall make on oath "a schedule containing a full and true account of all his creditors, with the place of residence of each creditor, if known to the debtor, and the sum due to each of them." Section 81 provides that when all the proceedings have been had as prescribed the debtor shall be given a certificate of discharge, and that "the certificate shall be conclusive evidence of the fact and regularity of such discharge."

The judgment herein rendered was affirmed on another point in 14 N. Y. Supp. 901. For decision on appeal from order directing reference to ascertain facts respecting defendant's discharge in the insolvency proceedings, see 11 N. Y. Supp. 371.

*Merrill & Rogers,* for plaintiff.   *Lawton & Neu,* for defendant.

BARRETT, J.  I am unable to concur in the conclusion arrived at by the learned referee in this case.  The error is in the finding that the debtor, in omitting the creditor's name from his schedule, relied upon the advice of counsel.  The affidavits do not support this finding  They state that the creditor's name was omitted because of counsel's advice that the debtor had a good defense to the then existing action upon the plaintiff's claim.  Even this is not supported by a statement of what defendant disclosed to his counsel.  But there is not a suggestion that the name was omitted because of the advice of counsel that it was unnecessary to insert it.  The debtor does not pretend that he took advice upon that point.  Having received advice as to the substantial character of his defense to the then existing suit, he proceeded, without further advice, so far as appears, to secure his discharge without inserting the creditor's name in the schedules.  In other words, because he was advised that he could defeat the creditor in the then existing action, he took it upon himself to ignore such creditor, and to proceed as though the latter did not exist.  The debtor cannot, therefore, shield himself from the consequences of his conduct by any pretense of oversight.  He omitted the creditor's name deliberately, and without legal advice as to the necessity of inserting disputed claims in his schedules.  But, even if he had taken legal advice, it would not have shielded him; because here advice to omit the creditor's name could not have been given or received in good faith, for the reason that one of the notes then in suit was undisputed, and as to that, at least, the plaintiff was avowedly a creditor.  The entire omission of his name from the schedules was, therefore, a palpable fraud.  The defendant knew that the plaintiff was a creditor, and he willfully omitted his name.  He could have had but one motive, and that motive is distinctly chargeable to him, namely, opposition to the discharge predicated of the activity suggested by the existing action.  The facts that the plaintiff happened to hear of the proceedings, and that the defendant inserted the plaintiff's name when it was too late, are immaterial.  They do not help the matter, as the invalidity results from the false oath to the original schedules.  Exceptions sustained, and motion denied, with costs.